**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **HARBOR HOMEOWNER'S ASSOCIATION, INC.** | **CIVIL ACTION NO.** |
| *PLAINTIFF,* | |
| | |
| **VERSUS** | **JUDGE** |
| | |
| **CERTAIN UNDERWRITER'S AT LLOYD'S LONDON, INDIAN HARBOR INSURANCE COMPANY, QBE SPECIALTY INSURANCE COMPANY, STEADFAST INSURANCE COMPANY, GENERAL SECURITY INDEMNITY COMPANY OF ARIZONA, UNITED SPECIALTY INSURANCE COMPANY, HDI GLOBAL SPECIALTY SE, OLD REPUBLIC UNION INSURANCE COMPANY, GEOVERA SPECIALTY INSURANCE COMPANY AND TRANSVERSE SPECIALTY INSURANCE COMPANY** | **MAGISTRATE** |
| *DEFENDANTS.* | |

<u>**NOTICE OF REMOVAL**</u>

**NOW INTO COURT**, through undersigned counsel, come Defendants, Certain Underwriter's at Lloyd's London; Indian Harbor Insurance Company; QBE Specialty Insurance Company; Steadfast Insurance Company; General Security Indemnity Company of Arizona; United Specialty Insurance Company; HDI Global Specialty SE; Old Republic Union Insurance Company; Geovera Specialty Insurance Company; and Transverse Specialty Insurance Company (*hereinafter collectively referred to as the "Market"*), to file this Notice of Removal pursuant to 28 U.S.C. § 1441 to hereby remove this matter from state court to the docket of this Honorable Court and respectfully represent the following:

## BACKGROUND

**1.**

This action has been brought in the Civil District Court for the Parish of Orleans, State of Louisiana, entitled *"Harbor Homeowner's Association, Inc. versus Certain Underwriter's at Lloyd's London, Indian Harbor Insurance Company, QBE Specialty Insurance Company, Steadfast Insurance Company, General Security Indemnity Company of Arizona, United Specialty Insurance Company, HDI Global Specialty SE, Old Republic Union Insurance Company, Geovera Specialty Insurance Company and Transverse Specialty Insurance Company,"* bearing Civil Action Number 2023-06333, Division "E," Section 7, with the Petition for Damages being filed on July 6, 2023.[1]

**2.**

Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served on Defendants in said action are attached hereto as Exhibit A.

**3.**

Additionally, as required, a list of all attorneys, including their addresses, telephone numbers and parties represented will be filed with the Court.

**4.**

This action is a civil action brought by Plaintiff, Harbor Homeowner's Association, Inc., (*hereinafter sometimes referred to as "Plaintiff"*), seeking to recover damages as alleged in Plaintiff's Petition for Damages.[2]

---

[1]     See Petition for Damages attached hereto as part of Exhibit "A."
[2]     See Petition for Damages attached hereto as part of Exhibit "A"

## BASIS FOR REMOVAL

### 5.

The removal of this action is supported by federal question jurisdiction pursuant to 28 U.S.C. § 1441(a). As discussed herein, the Market asserts that there is a valid arbitration clause that falls under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "Convention"). Therefore, this Court has original jurisdiction pursuant to 9 U.S.C. §§ 202, 203, and 205. In removing this action, the Market specifically preserves and does not waive any affirmative defenses whatsoever, including but not limited to, any defenses under Federal Rules of Civil Procedure 8 and 12 and/or the Louisiana Code of Civil Procedure, such as, service of process and personal jurisdiction defenses, venue defenses, and/or Plaintiff's failure to state a claim. The Market also specifically preserves and gives notice of its right to seek a dismissal of this case or stay of the litigation and to compel arbitration of this dispute.

### 6.

The Market issued the Policy of insurance in this matter, and the participating insurers, the Market, are the named defendants to the instant suit.[3] This action arises out of alleged damages to Plaintiff's property insured by the Policy and allegedly caused by Hurricane Ida on August 29, 2021.[4] Based on the allegations in the Petition, Plaintiff alleges the Market breached the Policy because the "Defendants failed to timely tender adequate funds under the Policy."[5]

### 7.

The Policy at issue in this matter provides the following: "[a]ll matters in difference between the Insured and the Companies…shall be referred to an Arbitration Tribunal in the manner hereinafter set out:"

---

[3]        *See* Exhibit B, Certified Policy.
[4]        *See* Exhibit A, Petition for Damages, at ¶ 13-18.
[5]        *See* Exhibit A, Petition for Damages, ¶ 32-35.

\* \* \*

## SECTION VII – CONDITIONS

\* \* \*

C.        ARBITRATION CLAUSE: **All matters in difference between the Insured and the Companies** (hereinafter referred to as "the parties") in relation to this insurance, **including its formation and validity**, and whether arising during or after the period of this insurance, **shall be referred to an Arbitration Tribunal in the manner hereinafter set out.**

Unless the parties agree upon a single Arbitrator within thirty days of one receiving a written request from the other for Arbitration, the Claimant (the party requesting Arbitration) shall appoint his Arbitrator and give written notice thereof to the Respondent. Within thirty days of receiving such notice, the Respondent shall appoint his Arbitrator and give written notice thereof to the Claimant, failing which the Claimant may nominate an Arbitrator on behalf of the Respondent.

Should the Arbitrators fail to agree, they shall appoint, by mutual agreement only, an Umpire to whom the matter in difference shall be referred. If the Arbitrators cannot agree to an Umpire, either may request the selection be made by a judge of a New York court.

Unless the parties otherwise agree, the Arbitration Tribunal shall consist of persons employed or engaged in a senior position in Insurance underwriting or claims.

The Arbitration Tribunal shall have power to fix all procedural rules for the holding of the Arbitration including discretionary power to make orders as to any matters which it may consider proper in the circumstances of the case with regard to pleadings, discovery, inspection of documents, examination of witnesses and any other matter whatsoever relating to the conduct of the Arbitration and may receive and act upon such evidence whether oral or written strictly admissible or not as it shall in its discretion think fit.

Each party will pay its chosen Arbitrator, and also bear the other expenses of the Arbitration and Umpire equally.

The seat of the Arbitration shall be in New York and the Arbitration Tribunal shall apply the law of New York as the proper law of this insurance.

The Arbitration Tribunal may not award exemplary, punitive, multiple, consequential, or other damages of a similar nature.

A decision agreed to by any two members of the Arbitration Tribunal shall be binding. The award of the Arbitration Tribunal shall be in writing and binding upon the parties who covenant to carry out the same. If either of the parties should fail to carry out any award the other may apply for its enforcement to a court of competent jurisdiction in any territory in which the party in default is domiciled or has assets or carries on business.[6]

* * *

**8.**

The Market is comprised of one or more syndicate insurers that are foreign entities and citizens of countries other than the United States. Because the Policy, and its arbitration provision, involves a reasonable relation with one or more foreign entities, this case is properly removed pursuant to the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "Convention"), as further discussed herein.

## APPROPRIATENESS FOR REMOVAL JURISDICTION

**9.**

Pursuant to 28 U.S.C. § 1441 and 9 U.S.C. § 205, this action is properly removed to the Eastern District of Louisiana, which is the district embracing the Civil District Court for the Parish of Orleans, in which the state court action was pending. The Market asserts that there is a valid arbitration clause, which falls under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, and thus, this Court has original jurisdiction pursuant to 9 U.S.C. §§ 202, 203, and 205.

**10.**

The Convention is an international treaty that guarantees citizens of signatory countries the right to enforce agreements to arbitrate disputes. As the Supreme Court has explained, "[t]he goal of the convention, and the principle purpose underlying American adoption and

---

[6]     *See* Exhibit B, Certified Policy, at COMPASS 04 18, page 24 of 42 (emphasis added).

implementation of it, was to encourage the recognition and enforcement of commercial arbitration agreements and international contracts and to unify the standard by which the agreements to arbitrate are observed and arbitral awards are enforced in the signatory countries." *Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 520 n.15 (1974). The United States became a signatory country in 1970 when Congress enacted Chapter 2 of the Federal Arbitration Act, 9 U.S.C. §§ 201-208 (the "Convention Act"), "to establish procedures for our courts to implement the Convention." *McDermott Int'l, Inc. v. Lloyd's Underwriters of London*, 944 F.2d 1199, 1208 (5th Cir. 1991).

**11.**

The Convention Act is part of the broader Arbitration Act, 9 U.S.C. § 1 *et seq.* Chapter 1 of Title 9 is the Federal Arbitration Act (the "FAA"). Chapter 2 of Title 9 is the Convention Act. Section 208 of the Convention Act incorporates the FAA into the Convention Act to the extent the FAA is not inconsistent with the Convention Act or the Convention. *See* 9 U.S.C. § 208. The United Kingdom of Great Britain and Northern Ireland (of which England and Wales are a part) have been a signatory country since 1975.[7]

**12.**

This cause is properly removed based on federal question jurisdiction, the FAA, and the referenced provisions of the Convention Act, including but not limited to Section 202, which provides:

> An arbitration agreement or arbitral award arising out of a legal relationship, whether contractual or not, which is considered as commercial, including a transaction, contract, or agreement described in section 2 of this title, falls under the Convention. An agreement or award arising out of such a relationship which is entirely between citizens of the United States shall be deemed not to fall under the Convention unless that relationship involves property located abroad, envisages performance or enforcement abroad, or has some other reasonable relation with

---

[7] *See* 1958 New York Convention Guide, http://newyorkconvention1958.org/ (last visited October 3, 2022).

one or more foreign states. For the purpose of this section a corporation is a citizen of the United States if it is incorporated or has its principal place of business in the United States.

9 U.S.C. § 202 (2018).

**13.**

Article II of the Convention further clarifies which arbitration agreements are subject to

the Convention. Article II provides, in pertinent part, as follows:

1. Each Contracting State shall recognize an agreement in writing under which the parties undertake to submit to arbitration all or any differences which have arisen or which may arise between them in respect of a defined legal relationship, whether contractual or not, concerning a subject matter capable of settlement by arbitration.

2. The term "agreement in writing" shall include an arbitral clause in a contract or an arbitration agreement, signed by the parties or contained in an exchange of letters or telegrams.

New York Convention, Art. II (1)-(2), adopted June 10, 1958, 1970 U.S.T. LEXIS 115, *3, 21 U.S.T. 2517.

Furthermore, Section 205 of the Convention Act provides that:

Where the subject matter of an action or proceeding pending in a State court relates to an arbitration agreement or award falling under the Convention, the defendant or defendants may, at any time before the trial thereof, remove such action or proceeding to the district court of the United States for the district and division embracing the place where the action or proceeding is pending. The procedure for removal of causes otherwise provided by law shall apply, except that the ground for removal provided in this section need not appear on the face of the complaint but may be shown in the petition for removal.

9 U.S.C. § 205 (2018).

**14.**

This Court and the Fifth Circuit have routinely acknowledged removal and jurisdiction

for any dispute under an insurance policy containing an arbitration clause and an international

party subject to arbitration under the Convention. *See e.g. Beiser v. Weyler,* 284 F.3d 665, 669

(5th Cir. 2002); *Acosta v. Master Maintenance and Const. Inc.*, 452 F.3d 373, 378 (5th Cir. 2006); *McDermott Int'l, Inc. v. Lloyds Underwriters of London*, 944 F.2d 1199, 1207–08 (5th Cir. 1991); *Kronlage Fam. LP v. Indep. Specialty Ins. Co.*, 2022 WL 3444011 (E.D. La. Aug. 17, 2022). In sum, the entirety of the dispute filed by Plaintiff against the Market relates to the Policy and its terms, including the mandatory enforcement of the arbitration provision. Based on the foregoing, this Court has federal question jurisdiction over this case and removal of this action to the Eastern District of Louisiana is appropriate pursuant to Federal law.

## TIMELINESS

### 15.

Section 205 of the New York Convention expressly states that the case may be removed on this basis "at any time before trial." *McDermott Int'l, Inc. v. Lloyds Underwriters of London*, 944 F.2d 1199, 1207–08 (5th Cir. 1991). Thus, removal is timely.

## NOTICE TO OTHERS

### 16.

Venue is proper within the Eastern District of Louisiana because the matter is being removed from the Civil District Court for the Parish of Orleans—a court which the Eastern District of Louisiana embraces, and more specifically overseen by:

> Honorable Omar Mason – Division E
> Civil District Court for the Parish of Orleans
> 421 Loyola Avenue, Room 314
> New Orleans, LA 70112

### 17.

This cause has been removed by all defendants through undersigned counsel. In accordance with 28 U.S.C. § 1446(d), the Market will promptly give notice to all parties in

writing and shall file a copy of the notice of filing of the notice of removal with the Clerk of the state court.

**18.**

Pursuant to Rule 11 of the Federal Rules of Civil Procedure, undersigned counsel certifies that he has read the foregoing Notice of Removal. He likewise certifies that to the best of his knowledge, information, and belief formed after reasonable inquiry, the Notice is well-grounded in fact and is warranted by existing law or good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose.

**WHEREFORE**, Defendants, Certain Underwriter's at Lloyd's London; Indian Harbor Insurance Company; QBE Specialty Insurance Company; Steadfast Insurance Company; General Security Indemnity Company of Arizona; United Specialty Insurance Company; HDI Global Specialty SE; Old Republic Union Insurance Company; Geovera Specialty Insurance Company; and Transverse Specialty Insurance Company, request that this cause of action proceed in the United States District Court for the Eastern District of Louisiana as an action properly removed thereto.

Respectfully submitted:

**GALLOWAY, JOHNSON, TOMPKINS, BURR & SMITH, APLC**

_/s/ Joshua H. Dierker_____
**JAMES A. PRATHER (#20595) (T.A.)**
**JOSHUA H. DIERKER (#35109)**
**GREG C. FUXAN (#20188)**
**MICHAEL A. TASSIN, JR. (#35345)**
3 Sanctuary Boulevard, Third Floor
Mandeville, Louisiana 70471

9

Ph. (985) 674-6680/Fax (985) 674-6681
Email: jprather@gallowaylawfirm.com
   jdierker@gallowaylawfirm.com
   gfuxan@gallowaylawfirm.com
   mtassin@gallowaylawfirm.com
***Counsel for Defendants***

## <u>CERTIFICATE OF SERVICE</u>

  I hereby certify that on this 31st day of August, 2023, a copy of the foregoing pleading

has been served on all parties or their attorneys in a manner authorized by FRCP 5(b)(2) or via

the court's CM/ECF system.

     */s/ Joshua H. Dierker*   
     **JOSHUA H. DIERKER**