## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**HARBOR HOMEOWNER'S**              **CIVIL ACTION**
**ASSOCIATION, INC.**

**VERSUS**                             **NO. 23-5043**

**CERTAIN UNDERWRITERS AT**      **SECTION: D (5)**
**LLOYD'S, LONDON, ET AL.**

## ORDER AND REASONS

Before the Court is a Motion to Compel Arbitration and Dismiss Plaintiff's Claims or, Alternatively, Stay Proceedings,[1] filed by the Defendants, Certain Underwriters at Lloyd's, London, Indian Harbor Insurance Company, QBE Specialty Insurance Company, Steadfast Insurance Company, General Security Indemnity Company of Arizona, United Specialty Insurance Company, HDI Global Specialty SE, Old Republic Union Insurance Company, Geovera Specialty Insurance Company, and Transverse Specialty Insurance Company (collectively "Defendants"). Plaintiff Harbor Homeowner's Association, Inc. opposes the Motion.[2] The Defendants filed a Reply in support of their Motion.[3] After careful consideration of the parties' memoranda, the record, and the applicable law, the Court **GRANTS** the Motion.

## I. FACTUAL & PROCEDURAL BACKGROUND

Plaintiff originally filed this action on July 6, 2023 in the Civil District Court for the Parish of Orleans, State of Louisiana seeking to recover damages against Defendants for Defendants' alleged failure to pay Plaintiff's insurance claims for

---

[1] R. Doc. 10.
[2] R. Doc. 13.
[3] R. Doc. 19.

Hurricane Ida-related damage to Plaintiff's property.[4]  Defendants timely removed the case to this Court on August 31, 2023 pursuant to 9 U.S.C. §§ 202, 203, and 205, alleging that this action relates to an arbitration agreement or award falling under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards.[5] Shortly thereafter, Defendants filed the instant Motion as well as a Motion to Opt Out of Streamlined Settlement Program.[6]  On December 20, 2023, the assigned United States Magistrate Judge granted in part the latter motion, allowing the parties to opt out of the Court's Streamlined Settlement Program ("SSP") as part of the Court's Hurricane Ida Case Management Order should this Court compel arbitration.[7]

Defendants argue that this Court should order the parties to arbitrate this dispute pursuant to an arbitration provision in the insurance policy between Plaintiff and Defendants.[8]  Defendants contend that the arbitration agreement is valid and binding and must be enforced pursuant to the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "Convention").    Accordingly, Defendants move this Court to compel arbitration and to stay this litigation, pending arbitration.

Plaintiff filed a response in opposition to the Motion.[9]  Plaintiff first asserts that arbitration provisions in surplus lines insurance contracts are not enforceable

---

[4] *See* R. Doc. 1-1.
[5] R. Doc. 1.
[6] R. Doc. 10; R. Doc. 11.
[7] *See* R. Doc. 15.
[8] R. Doc. 10-1.
[9] R. Doc. 13.

under Louisiana law, La. R.S. 22:868.  Plaintiff also argues that this Court should follow Second Circuit precedent on the interplay between the Convention and the McCarran–Ferguson Act, 15 U.S.C. § 1011 *et seq*. and find that the Convention does not displace Louisiana state law to the contrary.  Plaintiff does not address Defendants' arguments that this case is subject to arbitration pursuant to the arbitration clause in Plaintiff's insurance policy nor does Plaintiff dispute that the criteria to compel arbitration under the Convention are met here.

The Defendants filed a reply in support of their Motion in which they argue that the Court should disregard Plaintiff's request to follow Second Circuit law and instead apply binding Fifth Circuit precedent.[10]  The Defendants also point out that the Plaintiff's reliance on case law holding that La. R.S. 22:868(D) prohibits arbitration provisions in surplus lines policies is inapposite as none of the cited cases involved foreign insurers or the application of the Convention.

## II.    ANALYSIS

Although Louisiana law generally prohibits enforcement of arbitration clauses in insurance contracts, the Fifth Circuit has held that the Convention on the Recognition and Enforcement of Foreign Arbitral Awards of June 10, 1958, 9 U.S.C. §§ 201–09, supersedes state law.[11]  Section 201 of the Federal Arbitration Act provides that the Convention "shall be enforced in United States courts in accordance with this chapter."[12]  The Convention was ratified by Congress "to encourage the

---

[10] R. Doc. 19.
[11] *See McDonnel Grp., L.L.C. v. Great Lakes Ins. SE, UK Branch*, 923 F.3d 427, 431–32 (5th Cir. 2019), *as revised* (June 6, 2019).
[12] 9 U.S.C. § 201.

recognition and enforcement of commercial arbitration agreements and international contracts and to unify the standard by which the agreements to arbitrate are observed and arbitral awards are enforced in the signatory countries."[13]

Pursuant to the Convention, "a court should compel arbitration if (1) there is a written agreement to arbitrate the matter; (2) the agreement provides for arbitration in a Convention signatory nation; '(3) the agreement arises out of a commercial legal relationship; and (4) a party to the agreement is not an American citizen.'"[14]  Once "these requirements are met, the Convention requires the district court [ ] to order arbitration," "unless it finds that the said agreement is null and void, inoperative or incapable of being performed."[15]

Defendants contend that all four criteria are met here.  Plaintiff does not address these criteria whatsoever.  Instead, Plaintiff asks the Court to ignore binding Fifth Circuit case law holding that the Convention preempts state laws to the contrary and instead apply Second Circuit law[16] because the choice-of-law clause in the parties' insurance contract mandates application of New York state law.  Plaintiff is mistaken.  Initially, the Court points out that arbitrability under the FAA is a question of federal law, not state law.[17]  A choice-of-law clause, meanwhile, provides the substantive insurance law which applies to the contract.  Thus, a choice-of-law

---

[13] *Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 520 n. 15 (1974).

[14] *Freudensprung v. Offshore Tech. Servs., Inc.*, 379 F.3d 327, 339 (5th Cir. 2004) (quoting *Francisco v. STOLT ACHIEVEMENT MT*, 293 F.3d 270, 273 (5th Cir. 2002)).

[15] *Id.* (quoting *Francisco*, 293 F.3d at 273, then quoting *Sedco, Inc. v. Petroleos Mexicanos Mexican Nat. Oil Co.*, 767 F.2d 1140, 1146 (5th Cir. 1985)).

[16] *Stephens v. Am. Intern. Ins. Co.*, 66 F.3d 41, 43 (2d Cir. 1995).  Plaintiff also points to caselaw from the Eighth and Tenth circuits for support.  *See* R. Doc. 13 at pp. 9–10.

[17] *See Dr. Kenneth Ford v. NYLCare Health Plans of Gulf Coast, Inc.*, 141 F.3d 243, 247 (5th Cir. 1998) (citing *Mitsubishi Motors Corp. v. Soler Chrysler–Plymouth, Inc.*, 473 U.S. 614, 626 (1985)).

clause does not bear on the arbitrability of the dispute.  Here, the choice-of-law clause provides that the "Arbitration Tribunal shall apply the law of New York as the proper law of the insurance."[18]  By its very terms, the clause concerns what law the arbitrator is to apply and has no bearing on what law this Court is to apply to determine whether the matter should proceed to arbitration.  Moreover, application of New York *state* law does not entail application of Second Circuit *federal* law simply because New York sits within the Second Circuit; a Second Circuit case construing federal law is not New York state law.  Plaintiff has provided no support for their theory that this Court may ignore Fifth Circuit precedent on issues of federal law in favor of Second Circuit caselaw simply because the choice-of-law provision calls for application of New York law.[19]  Accordingly, the Court follows Fifth Circuit precedent.[20]

The Court concurs with Defendants that the arbitration agreement is enforceable pursuant to the Convention.  Specifically, the Court finds that there is (1) a written agreement between the parties to arbitrate[21]; (2) the agreement calls for

---

[18] R. Doc. 10-3 at p. 39.

[19] Nor, for that matter, has Plaintiff provided any support for its request that the Court follow the *dissenting* opinion from the Fifth Circuit's ruling in *Safety Nat. Cas. Corp. v. Certain Underwriters At Lloyd's, London*, 587 F.3d 714 (5th Cir. 2009).  "'Comments in a dissenting opinion' about legal principles and precedents 'are just that: comments in a dissenting opinion.'" *Georgia v. Public.Resource.Org, Inc.*, 140 S. Ct. 1498 (2020) (quoting *Railroad Retirement Bd. v. Fritz*, 449 U.S. 166, 177, n. 10 (1980)) (cleaned up).

[20] Plaintiff also contends that La. R.S. 22:868(D) prohibits enforcement of arbitration provisions in surplus lines policies.  Plaintiff's argument misses the mark.  Because the Convention applies here, La. R.S. 22:868 is inapplicable.  *See Safety Nat'l Cas. Corp. v. Certain Underwriters at Lloyd's, London*, 587 F.3d 714, 732 (5th Cir. 2009); *McDonnel Grp., L.L.C. v. Great Lakes Ins. SE, UK Branch*, 923 F.3d 427, 431–32 (5th Cir. 2019), *as revised* (June 6, 2019).  Further, even if it were applicable, the Court has previously explained that La. R.S. 22:868(D) does not prohibit arbitration clauses in surplus lines policies.  *See Southland Circle, LLC v. Indep. Specialty Ins. Co.*, No. CV 23-855, 2023 WL 7688570 (E.D. La. Nov. 15, 2023).  The Court rejects Plaintiff's argument as meritless.

[21] The arbitration clause included in the agreement between the parties states that:

All matters in difference between the Insured and the Companies (hereinafter referred to as "the parties") in relation to this insurance,

arbitration in the United States— specifically, New York—which is a Convention signatory nation[22]; (3) the agreement relates to insurance and therefore arises from a commercial relationship; and (4) multiple Defendants, including the insurer-members subscribed to the Lloyd's of London policy at issue here and HDI Global Security SE, are citizens of foreign nations.[23]  Accordingly, given the satisfaction of each of the four required elements, the failure of Plaintiff to provide any meritorious reasons why the Convention does not apply to this dispute, and the clear contractual language mandating arbitration for any disputes between the parties, the Court finds it appropriate to grant Defendants' Motion to Compel Arbitration.

Further, pursuant to 9 U.S.C. § 3, when an issue subject to an arbitration clause is raised in a federal court, the court "shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement."[24]  Defendants have moved to stay this litigation upon the Court's ordering of the parties to arbitration.[25]  Because this Court finds that arbitration is mandatory in this case, the Court stays this litigation pending resolution of the arbitration proceedings and until, upon the filing of a written motion, the Court finds that the stay should be vacated.

---

including its formation and validity, and whether arising during or after the period of this insurance, shall be referred to an Arbitration Tribunal in the manner hereinafter set out.

See R. Doc. 10-3 at p. 39.

[22] See *Freudensprung*, 379 F.3d at 339 ("[T]he United States is a signatory to the Convention[.]"); R. Doc. 10-3 at p. 39.

[23] *See* R. Doc. 10-3 at p. 2.

[24] 9 U.S.C. § 3.

[25] *See* R. Doc. 10 at p. 2.

III.    CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendants'
Motion to Compel Arbitration and Dismiss Plaintiff's Claims or, Alternatively, Stay
Proceedings [26] is **GRANTED**.

**IT IS FURTHER ORDERED** that this matter is **STAYED** until a final
resolution of the arbitration proceedings has been rendered and the Court, upon
written motion of the parties, finds it appropriate to lift the stay.

New Orleans, Louisiana, January 12, 2024.

**WENDY B. VITTER**
**United States District Judge**

---

[26] R. Doc. 10.